## CROOKS v. CHEVALLIER.
### No. 4967.

Court of Appeal of Louisiana.   Second Circuit.

Oct. 6, 1934.

A. D. Flowers, of Jena, for appellant.

D. W. Gibson and Jesse McGee, both of Harrisonburg, for appellee.

DREW, Judge.

Plaintiff was a candidate for the Democratic nomination for school board member

for ward 6 of La Salle parish on September 11, 1934. The defendant was his opponent. Plaintiff alleged that he received 43 legal votes and defendant 41 legal votes, but, notwithstanding this fact, the commissioners of the Cypress bayou box in said ward made illegal and incorrect returns, and the Democratic executive committee for the parish of La Salle did on September 15, 1934, declare defendant the Democratic nominee for school board member from said ward, certified his name to the secretary of state, and certified that petitioner received 40 votes and that defendant received 45 votes.

Petitioner further alleged that J. L. Richey, Mrs. J. L. Richey, and Mrs. Jane Crooks, on September 6, 1934, appeared before the clerk of court of La Salle parish, and, after complying with all formalities of the law, cast absentee ballots for petitioner; that the ballots were transmitted by the clerk to the election commissioners at Cypress bayou precinct, and the commissioners refused to count the said ballots, although the three above-named parties casting the ballots were legal and qualified voters in said precinct.

He further alleged that Earl Paul, Mrs. Lois Paul, and B. F. McDonald were not qualified voters of Cypress bayou precinct for the reason that their names had been legally stricken from the registration roll by the registrar of voters and did not appear on the registration list furnished the commissioners at the precinct, but, notwithstanding this fact, the commissioners at said precinct permitted the three above-named persons to cast their ballots, all of whom voted for defendant; that a protest by one commissioner was attached to each of the three ballots without avail, and said ballots were illegally counted for defendant. Further, that one ballot which was counted for defendant was marked by making a check opposite the name of defendant (√) and did not have the regular cross-mark (x) marked in the blank space to the right of defendant's name; that said ballot was an illegal ballot and marked for identification. He further shows that, if the three absentee ballots cast for petitioner by J. L. Richey, Mrs. J. L. Richey, and Mrs. Jane Crooks had been counted for him, and the illegal ballots cast by Earl Paul, Mrs. Lois Paul, and B. F. McDonald and the ballot marked with a check (√) by an unknown voter had been rejected and the returns properly and legally made, the result would have been 43 votes for petitioner and 41 for defendant, and he would have been declared the Democratic nominee for school board member for ward 6 of La Salle parish;

that Old River is the only other precinct in ward 6 of La Salle parish, and at said precinct petitioner received 7 votes and defendant 8 votes, by the commissioners' returns.

Petitioner alleges that the returns should have been as follows:

| | | |
|---|---|---|
| Cypress Bayou Precinct | (Petitioner) | 36 |
| Cypress Bayou Precinct | (Defendant) | 33 |
| Old River Precinct | (Petitioner) | 7 |
| Old River Precinct | (Defendant) | 8 |

He prayed for citation and service on defendant and that he be ordered to appear and answer the suit within the time and manner provided by law, in accordance with section 27 of Act No. 97 of 1922, and, after hearing, that he be declared the nominee of the Democratic Party for the office of school board member of ward 6, La Salle parish, La.; that the ballot box from Cypress bayou precinct be ordered brought into court and there opened and the ballots properly counted; that the three absentee ballots counted and the alleged illegal ballots rejected.

The following citation was issued and served upon defendant:

"To: E. E. Chevallier, of the Parish of LaSalle, Louisiana:

"You are hereby commanded, to comply with the demand contained in the petition, of which a certified copy accompanies this citation, or deliver your answer to the same, in the office of the Clerk of the Eighth District Court for the Parish of LaSalle, at Jena, Louisiana, within 10 days after service hereof, with one additional day's delay for every 10 miles that your residence is distant from this Court, not to exceed 15 days, and you are further ordered and directed to answer the petition of the plaintiff herein, a certified copy of which accompanies this citation, within 5 days after service of said petition and order of Court and not later than the 5th day after service hereof, unless the 5th day falls upon Sunday and in which event you are to answer on the succeeding day, not later than 10:00 A. M.

"Witness the Honorable F. E. Jones and Wiley R. Jones, Judges, of said Court and the Seal thereof this 17th day of September, A. D., 1934.

"O. R. Hudson,
"Clerk of Court, Eighth Judicial District Court, LaSalle Parish, Louisiana."

Defendant filed the following exception:

"Now into Court comes E. C. Chevallier, through his undersigned counsel, appearing herein solely for the purpose of this exception,

and excepts to the citation and petition of the plaintiff on the following grounds to-wit:

"1. That the said citation is null, void and has no force and effect for the reason that the same is ambiguous, contradictory, vague, not specific and indefinite, in that it fixes two specific dates for the defendant to appear and answer; one date being fixed at 10 days after service and the other date for the defendant to appear and answer in 5 days after service.

"2. That said citation and suit should be declared null and void and dismissed for the further reason that the said proceedings sought to be brought are summary and there does not appear on the said pleadings an order of this Honorable Court fixing the return date and ordering your exceptor to appear and answer; that your exceptor has not been served with a copy of any order directing exceptor to appear and answer as required by statute.

"Wherefore, exceptor prays that this exception be maintained and that plaintiff's suit be dismissed at his costs.

"Prays for full and general relief," etc.

On the same day, after reserving his rights under his exception, defendant answered, denying all material allegations of plaintiff's petition and alleging the election was legal in all respects and the votes properly and correctly tabulated. He made further allegations which are unnecessary to relate, as no proof was offered to sustain them.

On September 25, 1934, three days after the exception and answer had been filed by defendant, he offered an amendment to the exception and answer, in that the exception and answer be amended to read "E. E. Chevallier" instead of "E. C. Chevallier." Counsel for plaintiff objected to the filing of the amendment, which objection and ruling are as follows:

"Attorney for plaintiff objects to the allowing of the exception filed herein by counsel for defendant and objects to any proceedings thereunder for the following reasons:

"That the original exception filed herein was filed in the name of 'E. C. Chevallier'; that E. C. Chevallier was not a party defendant and has no interest in the trial of this case; that after filing the said answer and without filing supplemental and amended answer, counsel for defendant corrected the said answer by taking the record after filing and changing the name of the party defendant in said answer to E. E. Chevallier. For that reason no legal exception has been filed in this case.

"Counsel for defendant admits a typographical error in the initial E. C. Chevallier and E. E. Chevallier and that a few minutes after the exception and answer were filed, that the initial was corrected to E. E. Chevallier on the exception and answer. That the answer and exception were properly numbered and styled with the exception of the initial referred to.

"Counsel for plaintiff objects to the filing of any amended exception for the reason that the time for filing exception, answer or other pleadings on the part of the defendant expired five days after service of the petition at 10 o'clock A. M. on the fifth day, and in support of that objection, defendant offers in evidence the citation served on the defendant at the time the petition was filed.

"By the Court: The Court does not think that objection is well-founded for the reason that this amendment is now being made to correct what might be termed a clerical error, and the Court is of the opinion that this character of amendment can be made at any time, at least before going to trial, and for the reasons already stated, the Court is of the opinion that this character of amendment is one that should be allowed in the interest of justice, particularly since counsel was not misled by the pleadings, to his prejudice. The defendant is now authorized to amend the pleadings to correct the clerical error in the initial of the defendant.

"To which ruling counsel for plaintiff excepts and reserves a bill. Defendant offers to file amended petition (sic) to the exception and answer heretofore filed.

"Plaintiff objects to the filing of this supplemental exception and answer for the following reasons: 1. Time for filing answer or exception has expired; 2. The amended and supplemental answer sought to be filed is not in proper form. The said amended exception and answer consisting of one paragraph and reading as follows:

" 'That the exception and answer heretofore filed be amended and corrected to read E. E. Chevallier in lieu and in place of E. C. Chevallier.'

"That this amendment is not correct in form in that the particular paragraphs containing the name of E. C. Chevallier have not been designated; that there is no prayer in supplemental and amended exception and answer praying that the prayer to the original exception and answer be amended, and for the further reason there is no order of this Court on said supplemental and amended answer authorizing its filing. Plaintiff further objects

to the allowing of this exception for the reason that defendant has waived his rights under the exception in filing an amended answer, which is pleading to the case on its merits.

"By the Court: So far as the order permitting the filing of the amendment is concerned the Court believes that the order dictated in the record is sufficient order for the filing of the amendment. The Court frankly states that the amendment does not conform to the strict rules of pleading, but inasmuch as the amendment is leveled merely at one particular irregularity, being more or less in the nature of a typographical error, and not being anything leveled at the substantial allegations and pleadings, the Court will permit the amendment to be filed subject to objection of counsel.

"To which ruling counsel for plaintiff excepts and reserves a bill.

"By Mr. Gibson: Defendant, reserving all of his rights under the exception and answer heretofore filed as to the correction that has been offered in the amended exception and answer, at this time offers to file in evidence, the exception and answer, reserving his rights under the first filing and the ruling of the Court.

"By Mr. Flowers: This offering is objected to for the reason that the answer and exception are already part of the record in this case and that for that reason the offering of said answer and exception is surplusage, unnecessary, irregular and illegal and should not be allowed.

"Defendant offers the refiling of the exception and answer.

"By the Court: The offering is refused.

"Plaintiff objects to the exception for the further reason that the exception, in paragraph 2, clarifies and makes definite the date on which defendant is required to file his answer. For the further reason that the exception and answer were filed within the five days and that the defendant thereby was not deprived of any rights or privileges, and that as a result of the filing of the exception and answer defendant has suffered no loss or harm.

"Plaintiff, in main suit, and defendant, in exception, offers in evidence—the citation, together with the return of the Sheriff thereon, the exception filed herein by the defendant, also the answer of defendant; said offerings being made for the purpose of showing the date of filing same.

"By the Court: The exception is overruled.

"Defendant excepts to the ruling of the court and a bill reserved."

█ The ruling of the trial court on plaintiff's objection is correct; also his ruling in overruling the exception filed by defendant is correct. The citation clearly informed defendant that he was ordered to answer the petition within five days, which he did.

This brings us to the merits of the case.

We find there are 7 votes in contest. One marked with a check (√) mark, three absentee ballots that were not counted, and three who were not on the registration list, their names having been stricken from the list by the registrar of voters, and, so far as the record in the case shows, they were legally stricken from the list.

█ The returns made by the commissioners of election and certified to as correct by the parish executive committee show 45 votes for defendant and 40 votes for plaintiff. There can be no question about the vote that was marked with the check (√) mark, instead of an "x"; that ballot was spoiled and should not have been counted. Section 26 of Act No. 97 of 1922 provides how to mark the ballot. It provides that the voter must mark the ballot with a lead pencil by making a cross-mark in the square to the right of the name of the person for whom he wishes to vote. Any other way of marking a ballot is not allowed and spoils the ballot. Vidrine v. Eldred, 153 La. 779, 96 So. 566; Perez v. Cognevich, 156 La. 331, 100 So. 444; Jacobs v. Cutrer, 17 La. App. 383, 136 So. 119.

This ballot should not have been counted. It was counted for the defendant.

█ The three absentee ballots cast by J. L. Richey, Mrs. J. L. Richey, and Mrs. Jane Crooks were not counted, and the action of the commissioners in not counting them was correct. Although the three above-named parties were registered and qualified voters, no one of them could read or write or even sign his or her name. They could not cast a legal absentee ballot, as there is no provision in the law for one unable to make out his or her ballot to cast an absentee ballot. Act No. 61 of the Extra Session of 1921 provides for absentee ballots, and specifically provides that no assistance can be given the voter. If assistance is given, the ballot is an illegal ballot. The clerk of the court is required to sign the following certificate on the bottom of the envelope containing the ballot: "I hereby certify that the affiant whose name appears

above after receiving the ballot or ballots from me, retired out of my presence and in secret marked such ballot, and after folding said ballot exhibited same so as to show the words 'Official Ballot,' and then, after placing said ballot in the envelope, closed and sealed said envelope in my presence without my seeing or knowing how the applicant voted and that the affiant was not solicited or advised by me to vote for or against any candidate or proposition."

This certificate was not signed by the clerk on any of the envelopes containing the three absentee ballots of the persons above named. When the envelopes containing these ballots were presented, the commissioners opened them and attached to the ballots a protest, and they were not counted. Two of the persons casting these absentee ballots testified that they instructed the clerk of court to mark the name of plaintiff, but, when the ballots were examined in court, they contained tickets showing the "x" in the square to the right of the name of defendant. The clerk testified that the tickets found in the envelope when the box was opened in court were not the tickets he placed in the envelopes. Precinct tickets had been substituted for the regular absentee tickets. The evidence is very clear that these tickets had been changed by some one. The absentee ballots were illegal ballots, and therefore whatever might have happened to them can make no difference in this case. However, it shows such rank fraud that it should not go unnoticed. There is nothing more reprehensible than vote stealing; and there was a deliberate effort made by some one to steal these 3 votes for defendant.

The 3 remaining votes in contest could not change the result of the election, even though we should find them to be illegal votes and should we find that the protests attached to the ballots were sufficient to properly identify the ballots as those cast by the parties whose names had been stricken from the registrar's list. Therefore nothing can be gained by a discussion of this issue. However, one of these votes was spoiled and not counted by the commissioners. The other two could not change the result, even though we should hold them to be illegal ballots.

Plaintiff urges that the election should be held to be no election because of the fraud shown. It is true fraud has been shown, but it was not sufficient to change the result of the election, and, unless it be shown that the fraud practiced was such as might have changed the result, it cannot be of any avail to the plaintiff.

The lower court rejected the demands of plaintiff, and we find his judgment to be correct. It is therefore affirmed, with costs.